```
1   Dustin L. Clark, Esq. (Bar #10548)
    HOLLEY DRIGGS
2   400 South Fourth Street, Third Floor
    Las Vegas, Nevada 89101
3   Tel: (702) 791-0308
4   Email: dclark@nevadafirm.com

5   Stacey A. Campbell, (Colorado Bar #38378)
    (Admitted Pro Hac Vice)
6   Stacey@Campbell-Litigation.com
7   Alison Lungstrum Macneill, (Colorado Bar #51689)
    (Admitted Pro Hac Vice)
8   Alison@Campbell-Litigation.com
    CAMPBELL LITIGATION, P.C.
9   1571 Race Street
    Denver, Colorado 80206
10  Tel: (303) 536-1833
11  Attorneys for Defendant

12  Mary F. Chapman, Esq. (#6591)
    LAW OFFICE OF MARY F. CHAPMAN, LTD.
13  8440 W. Lake Mead Blvd., Suite 203
    Las Vegas, Nevada 89128
14  Tel: (702) 202-4223
15  Email: maryf.chapman@juno.com
    Attorney for Plaintiff
```

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| DONNA BROWER,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MCDONALD'S CORPORATION, a Foreign Corporation licensed to do business in Nevada,<br><br>　　　　　Defendant. | Case No.: 2:19-cv-02099-GMN-BNW<br><br>**JOINT STIPULATION FOR THE ENTRY OF A PROTECTIVE ORDER** |

Defendant McDonald's Corporation ("Defendant" or "McDonald's") and Plaintiff Donna Brower ("Plaintiff" or "Brower"), by and through their respective undersigned counsel, move the Court to approve the parties' Joint Stipulated Protective Order to regulate and limit the

dissemination of confidential, proprietary, and/or personal information during this case. The parties state as follows in support of this Joint Motion.

Pursuant to Fed. R. Civ. P. 26(c), this Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." A blanket protective order places upon the parties themselves, or others from whom discovery is sought, the initial burden of determining what information is entitled to protection; and courts routinely approve blanket protective orders in civil cases. *See Van v. Wal-Mart Stores, Inc.*, C 08-5296 PSG, 2011 WL 62499, at *2 (N.D. Cal. Jan. 7, 2011) (citing *Gillard v. Boulder Valley School Dist.,* 196 F.R.D. 382, 386 (D.Colo.2000)).

Good cause exists to enter a blanket protective order in this case. Defendant and Plaintiff agree that certain disclosures, discovery requests, depositions, and other proceedings in connection with the above-captioned case, may require the disclosure of confidential, private, and/or proprietary information.

**IT IS HEREBY STIPULATED AND AGREED** by the parties the following Stipulated Protective Order is needed to protect the parties, witnesses, and unrelated third parties from any injury associated with the misuse of disclosed or exchanged information:

1. This Stipulated Protective Order ("Protective Order") shall apply to all information, documents, electronically stored information, and other materials disclosed, produced, exchanged, or otherwise disseminated in this case, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed, produced, or exchanged pursuant to procedures set forth in the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. As used in this Protective Order, "electronically stored information" means any type of information that can be stored electronically, and is intended to be broad enough to cover all current types of electronically- and computer-based information.

4. Information, documents, electronically stored information, and/or other materials designated as "CONFIDENTIAL" (collectively, "CONFIDENTIAL material" or "CONFIDENTIAL information") shall be information, documents, electronically stored information, and/or other materials that are confidential, such as: (a) non-party personnel records of current or former employees of Defendant (other than Plaintiff); (b) any non-public personal information, including credit or debit numbers, tax information, social security numbers, drivers' license numbers, and bank or financial account information or password information for any person; (c) trade secrets and commercial or financial information that is either privileged or confidential; (d) Protected Health Information; and (e) any other material qualifying for protection under Federal Rule of Civil Procedure 26(c). "Protected Health Information" means individually identifiable health information, including demographic information collected from an individual that is created or received by a health care provider, health plan, employer, or health care clearinghouse; and relates to the past, present, or future physical or mental health or condition of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual, and identifies the individual; or with respect to which there is a reasonable basis to believe that the information can be used to identify the individual.

5. CONFIDENTIAL material shall not, without the consent of the party designating it as CONFIDENTIAL (the "Designating Party") or further Order of the Court, be disclosed *except that* such information may be disclosed, solely for the purposes of this case to: attorneys actively working on this case; persons regularly employed by or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case; the parties, including representatives of Defendant; expert witnesses and consultants retained in connection with this proceeding, if any, to the extent such disclosure is necessary for preparation, trial, or at other proceedings in this case; the Court and its employees ("Court Personnel"); stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; and deponents, witnesses, or potential witnesses; mediators; other persons by written agreement of the parties.

6. CONFIDENTIAL information shall not be disclosed or used for any purpose except for the preparation, trial, and appeal of this case.

7. Information, documents, electronically stored information, and/or other materials are designated as CONFIDENTIAL by placing or affixing (in a manner that will not interfere with their legibility) the following or other appropriate notice – "CONFIDENTIAL" – on every page containing CONFIDENTIAL information. With the exception of depositions, which are discussed below in Paragraph 9, information, documents, electronically stored information, and/or other materials unintentionally produced without a "CONFIDENTIAL" designation or produced before the Stipulated Protective Order is issued, may be retroactively designated in the same manner.

8. Before any information is designated as "CONFIDENTIAL," counsel of record for the Designating Party must first review the information and make a determination, in good faith, that the information, documents, electronically stored information, and/or other materials are confidential or otherwise are entitled to protection pursuant to Paragraph 4 of this Protective Order and Fed. R. Civ. P. 26(c).

9. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

10. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file a Motion with the Court, the disputed information shall be treated as CONFIDENTIAL under the terms of this

Protective Order until the parties resolve their dispute or the Court rules on the motion. Unless otherwise directed by the Magistrate Judge, any motion for CONFIDENTIAL designation relating to the information to which the objection is made shall be filed by the Designating Party no later than twenty-one (21) days after an objection is made to the CONFIDENTIAL designation. The temporary treatment of the documents or materials as CONFIDENTIAL pending a ruling by the Court shall not be used or construed as an admission that the document or material is in fact, or should be in fact, determined to be CONFIDENTIAL.  If the Designating Party fails to schedule a telephone conference within the prescribed time or fails to make good-faith efforts to timely schedule such conference or fails to file a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a dispute under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11. This Protective Order shall not prohibit the use of CONFIDENTIAL material in depositions; pleadings; motions; at trial; or in post-trial motions or proceedings, provided that such uses are related to the prosecution or defense of this case. Notwithstanding that CONFIDENTIAL material may be used, this Stipulated Protective Order does not waive any right or obligation of any party to file a motion under LR IC 1-1(i)(3) to restrict access to all or a portion of papers and documents filed with the Court. In addition, the parties agree to comply with LR IC 1-1(i)(3) regarding the requirements and procedures for restricting access to documents that are marked "CONFIDENTIAL."

12. In the event that any CONFIDENTIAL material is used in any Court proceeding in this action or any appeal from this action, counsel shall confer in good faith on such procedures as are necessary to protect the confidentiality of any such material used in the course of any court proceedings.

13. The provisions of this Order shall, absent written permission of a Designating Party or further order of the Court, continue to be binding throughout and after the termination

of this action, including, without limitation, any appeals and any entry of an order, judgment or decree finally disposing of all litigation. At the conclusion of this case, unless other arrangements are agreed upon in writing, the parties shall destroy CONFIDENTIAL documents, except that counsel shall be permitted to retain court filings, deposition transcripts, exhibits, and work product that contain CONFIDENTIAL information or references thereto; provided that such counsel, and employees of such counsel, shall not disclose such retained materials to any person or use such retained materials for any purpose unrelated to this action except pursuant to court order or written agreement with the Designating party. Notwithstanding the provisions of this paragraph, the parties, their counsel, and experts for a party shall not be required to return or to destroy any CONFIDENTIAL information to the extent prohibited by law or to the extent such CONFIDENTIAL information is (a) stored on media that is generally considered not reasonably accessible, such as disaster recovery backup tapes, or (b) only retrievable through the use of specialized tools or techniques typically used by a forensic expert; provided that to the extent any CONFIDENTIAL information is not returned or destroyed due to the foregoing reasons, such CONFIDENTIAL information shall remain subject to the confidential obligations of this Protective Order.

14. If any person receiving and in the possession, custody, or control of CONFIDENTIAL information is served with a subpoena, demand, or any other legal process seeking discovery material containing CONFIDENTIAL information by one not a party to this action, the receiving party shall give prompt written notice within forty-eight (48) hours of its receipt of such subpoena, demand or legal process, to the Designating Party, assuming the provision of such notice is not forbidden by law or legal authorities. The Designating Party shall be solely responsible for seeking any relief or protection from any subpoena demand or legal process seeking the discovery material and shall also be solely responsible for its costs and attorneys' fees in any proceedings relating to such subpoena or legal process.

15. The production of privileged or work-product protected documents, electronically stored information, or information, whether inadvertently or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state

proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained in this Protective Order is intended to or shall serve to limit a party's right to conduct a review of documents, electronically stored information, or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

   16. This Protective Order, the production or receipt of CONFIDENTIAL material, and/or compliance with the terms of this Order, shall not:

    a. Prejudice in any way the rights of the parties to object on grounds of privilege, relevance, or otherwise to the production of documents or other information they consider not subject to discovery;

    b. Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document (or portion thereof), testimony or other evidence subject to this Order;

    c. Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any CONFIDENTIAL information the party asserts requires or should be subject to other or further protection;

    d. Prevent the parties to this Order from agreeing in writing, with the consent of the Designating Party, to alter or waive the provisions or protections provided for in this Order with respect to any particular CONFIDENTIAL information; or

    e. Prejudice in any way the rights of a party to contest the designation of any information as "CONFIDENTIAL."

///
///
///
///

17.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated: April 23, 2020

/s/ Mary F. Chapman
MARY F. CHAPMAN, ESQ.
Law Office of Mary F. Chapman, Ltd.

*Attorney for Plaintiff Donna Brower*

Dated: April 23, 2020

/s/ Dustin L. Clark, Esq.
ALISON LUNGSTRUM MACNEILL, ESQ.
(*Admitted Pro Hac Vice*)
STACEY A. CAMPBELL, ESQ.
(*Admitted Pro Hac Vice*)
Campbell Litigation, P.C.

DUSTIN L. CLARK, ESQ.
HOLLEY DRIGGS

*Attorneys for Defendant McDonald's Corp.*

**IT IS SO ORDERED**.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 4/24/2020

- 8 -