Law Office of Mary F. Chapman, Ltd.
Mary F. Chapman, Esq.
Nevada Bar No. 6591
8440 W. Lake Mead Blvd.
Suite 203
Las Vegas, Nevada 89128
(702)202-4223
(702)202-2003
maryf.chapman@juno.com
Attorney for Plaintiff

Dustin Clark, Esq. (#10548)
Holly, Driggs, Walch, Fine, Puzey, Stein & Thompson
400 S. 4th Street, Suite 300
Las Vegas, Nevada 89101
Tel: (702) 791-0308
Email: dclark@nevadafirm.com

Stacey A. Campbell, (Colorado Bar #38378)
(*Admitted Pro Hac Vice*)
Stacey@Campbell-Litigation.com
Alison Lungstrum Macneill, (Colorado Bar #51689)
(*Admitted Pro Hac Vice*)
Alison@Campbell-Litigation.com
Campbell Litigation, P.C.
1571 Race Street
Denver, Colorado 80206
Tel: (303) 536-1833
Attorneys for Defendant

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| DONNA BROWER | Case No. 2:19-cv-2099-GMN-BNW |
| Plaintiff, | |
| vs. | **SECOND REQUEST TO EXTEND DISCOVERY** |
| MCDONALD'S CORPORATION, a Foreign Corporation licensed to do business in Nevada, | |
| Defendant. | |

Pursuant to Federal Rules of Civil Procedure 6 and 16(b)(4) as well as LR IA 6-1, LR IA 6-2, LR 7-1, and LR 26-4, Plaintiff Donna Brower("Plaintiff" or "Brower") and Defendant McDonald's Corporation ("Defendant" or "McDonald") by and through their respective attorneys, hereby stipulate and agree to extend the

discovery cutoff and other pretrial deadlines by one hundred eighty (180) days due to a medical emergency involving Plaintiff's minor daughter. Previously the parties extended discovery for ninety (90) days due to various Stay At Home and/or Shelter In Place Orders issued in response to the coronavirus disease 2019 ("COVID-19") pandemic.

The Parties have engaged in extensive written discovery, agreed upon a protective order which was issued by the Court and had scheduled and were preparing to start deposition. However, a medical emergency has arisen causing Plaintiff to be unavailable. Specifically, two days before Plaintiff was to have been deposed, Plaintiff was informed her minor child who has been battling cancer for the past two years has a terminal diagnosis. Plaintiff's child is in treatment in California and Plaintiff can not travel for the remainder of her time. As expected, Plaintiff will remain at her child's side and will not be available for deposition.

This is the Parties' second stipulation to extend discovery and other pretrial deadlines and is filed not later than twenty-one days before the discovery cutoff.

The Parties are exchanging written discovery, and are discussing what depositions could go forward while Plaintiff is not available. However, to ensure the parties have sufficient time to complete discovery, permit sufficient time for the preparation and filing of dispositive motions, and allow the Court sufficient time to review and rule on any dispositive motion submitted before trial—and for good cause shown—the

parties hereby stipulate and respectfully request the Court to extend the remaining discovery and pretrial deadlines as detailed below.

In accordance with LR 26-4(a)-(d), the parties provide the following information in support of this stipulation to extend discovery and other pretrial deadlines:

**(a) Discovery Completed**

The Parties have served their initial disclosures. Defendant previously served its first set of written discovery to which Plaintiff has responded and provided additional supplemental information thereto. Plaintiff served her first and second set of written discovery requests. Defendant has responded to Plaintiff's discovery and also provided supplemental information.

**(b) Discovery That Remains To Be Completed**

In addition to the prospect of additional written discovery, the Parties have identified individuals whom they plan to depose, and the Parties are working together to determine available deposition dates. It is premature at this stage of the litigation for the Parties to determine the necessity of any expert witnesses.

**(c) Reasons Why The Deadline Was Not Satisfied Or The Remaining Discovery Was Not Completed Within The Time Limits Set By The Discovery Plan**

The terminal diagnosis of Plaintiff's minor child has interrupted the Parties ability to conduct depositions of the Plaintiff and key witnesses for whom Plaintiff's input is needed. The Parties agree that Plaintiff's mental state is impacted and prevents her

- 3 -

current involvement in these proceedings.

Additionally, on March 16, 2020, Chief Judge Miranda M. Du entered Temporary General Order 2020-03, which recognized the recent outbreak of the coronavirus disease 2019 ("COVID-19") in the District of Nevada, and ordered that "[a]ll civil and criminal trials, including any associated deadlines, are continued until April 10, 2020 pending further order of the Court." (*See* Temporary General Order 2020-03). Subsequently, the additional Temporary General Orders 2020-04 to 2020-08 have been issued as the COVID-19 pandemic continues. Similarly, governments in Illinois and Colorado where McDonald's and its undersigned counsel are located, respectively, issued so-called "Stay-At-Home Orders," impacting the ability to conduct business as usual. While states are beginning to "open up" the lasting effects will continue as social distancing will remain in place for an unknown time period. Obtaining information from the Parties' records has been hampered by the reduced work force and stay at home orders. Moreover, travel for depositions has been impacted.

    Federal Rule of Civil Procedure 6(b)(1) governs extension of time and provides that "the court may, for good cause, extend the time. If a request is made, before the original time or its extension expires." The parties hereby stipulate and agree to continue or extend the discovery and pretrial deadlines for one hundred eighty (180) days in light of the terminal diagnosis of Plaintiff's minor child and COVID-19, the District of Nevada's Temporary General Order 2020-03 through 2020-08, and the respective Stay-At-Home Orders, travel restrictions and social

distancing orders affecting the parties and their undersigned counsel.

**(d) Proposed Schedule For Completing All Remaining Discovery**

In accordance with LR 26-4(d), the parties propose the following schedule for completing all remaining discovery:

1. Discovery Cut-Off Date: Monday, **March 1, 2021.**

2. Fed. R. Civ. P. 26(a)(2) Disclosures (Experts): In accordance with Federal Rule of Civil Procedure 26(a)(2), initial disclosures identifying experts shall be made sixty (60) days prior to the discovery cut-off date, and therefore, not later than Thursday, **December 31, 2020,** and disclosures identifying rebuttal experts shall be made thirty (30) days after the initial disclosure of experts and, therefore, not later than Monday, **February 1, 2019**, since the thirtieth day falls on a Saturday.

3. Interim Status Report: In accordance with LR 26-3, an Interim Status Report will be filed by the parties with the Court sixty (60) days prior to the discovery cut-off date, and therefore, not later than, Thursday, **December 31, 2020.**

4. Dispositive Motion deadline: The parties shall file dispositive motions not more than thirty days after the discovery cutoff date and, therefore, not later than Wednesday, **March 31, 2021**.

5. Joint Pretrial Order: If no dispositive motions are filed, and unless otherwise ordered by this Court, the joint pretrial order shall be filed not more than thirty days after the date set for filing dispositive motions and, therefore, not later than Friday, **April 30, 2021.** If a dispositive motion is filed,

-5-

the date for filing the joint pretrial order shall be suspended until thirty days after an order on the dispositive motions or until further order of the Court.

6. Subsequent Requests to Extend the Discovery Cut-Off Date: In accordance with LR 26-4, a stipulation or motion for modification or extension of a discovery plan and scheduling order "must be received by the court no later than 21 days before the expiration of the subject deadline." *Id*. Therefore, any subsequent request to extend the discovery cut-off date must be filed not later than Monday, **February 8, 2021**, which is twenty-one days prior to the March 1, 2021 discovery cut-off date requested herein.

7. Any deadline not extended pursuant to this Stipulation and Order shall remain controlled by the Joint Discovery Plan and Scheduling Order, ECF No. 16.

For the reasons set forth above, the parties stipulate and agree to extend the discovery cutoff and the other pretrial deadlines as detailed herein for one hundred eighty (180) days, and neither Party will be prejudiced by the extension of the deadlines above.

Dated: June 25, 2020

Respectfully submitted,

Law Office of Mary F. Chapman, Ltd.

 /S/ Mary F. Chapman, Esq. #6591
Mary F. Chapman, Esq.
8440 W. Lake Mead Blvd.
Suite 203
Las Vegas, Nevada 89128

- 6 -

1 | Campbell Litigation, P.C.

2 | /S/ Alison Lungstrum Macneill #51689
Stacey A. Campbell, (Colorado Bar #38378)
3 | (*Admitted Pro Hac Vice*)
Stacey@Campbell-Litigation.com
4 | Alison Lungstrum Macneill, (Colorado Bar #51689)
(*Admitted Pro Hac Vice*)
5 | Alison@Campbell-Litigation.com
1571 Race Street
6 | Denver, Colorado 80206
Tel: (303) 536-1833
7 |
Dustin Clark, Esq. (#10548)
8 | Holly, Driggs, Walch, Fine, Puzey, Stein & Thompson
400 S. 4th Street, Suite 300
9 | Las Vegas, Nevada 89101
Tel: (702) 791-0308
10 | Email: dclark@nevadafirm.com
Attorneys for Defendant

**IT IS SO ORDERED**

this 26th day of June, 2020.

_____
United States Magistrate Judge

- 7 -