**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

Donna Brower,                           )
                                        )   Case No. 2:19-cv-02099-GMN-BNW
                      Plaintiff,        )
                                        )   **Order re [45]**
vs.                                     )
                                        )
McDonald's Corporation, et al.,         )
                                        )
                      Defendant.        )
_____ )

Defendant McDonald's Corporation moves under Rule 26 for a protective order requiring that the depositions of its witnesses take place via videoconference. ECF No. 45. The Court agreed to resolve this motion on an order shortening time. ECF No. 47. Now, on the basis of good cause, the motion will be granted.

## I.   Background, and the parties' arguments

In her complaint, Brower accuses McDonald's of violating state and federal workplace protection laws. ECF No. 1. Discovery is scheduled to close on June 29, 2021. ECF No. 42. To that end, Brower duly issued a notice of her intent to take the in-person depositions of former McDonald's employee Jeremy Burningham on June 2 in Las Vegas, Nevada, and current employee Fernando De La Cruz on June 18 in Florida. ECF No. 45 at 1. Counsel for McDonald's is based in Colorado.

The issue raised by McDonald's is simple: the parties disagree on whether the depositions should take place remotely or in person. McDonald's argues that the risks posed by the COVID-19 pandemic provide a legitimate reason to conduct the depositions remotely. Brower, however, claims that McDonald's failed to articulate specific prejudice or harm because its motion makes no mention of whether the witnesses are vaccinated or not. The COVID-19 vaccines, further, are now widely available to everyone. Plus, Brower asserts that "COVID will not pose a risk for these depositions," at least according to the latest guidance from local, state, and national authorities. ECF No. 48 at 6. Finally, Brower's counsel indicates that counsel's office has

experienced repeated and prolonged connectivity issues, such that a remote deposition is impractical and will prejudice the plaintiff. *Id.* at 7.

**I.      Legal standards**

Parties may obtain discovery on any nonprivileged matter relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1).  The sought matter must also be proportional to the needs of the case, but it "need not be admissible in evidence to be discoverable." *Id.*

The trial court has broad discretion to permit or deny discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).  A party from whom discovery is sought may move for a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).  The standard is "good cause." *Id.*

The party seeking a protective order bears the burden of persuasion. *U.S. E.E.O.C. v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006) (citation omitted).  To carry this burden, the movant must demonstrate a particular need for protection supported by specific facts. *Id.*  "[C]ourts insist on a particular and specific demonstration of fact, as distinguished from conclusory statements." *Swenson v. GEICO Casualty Co.*, 336 F.R.D. 206, 209 (D. Nev. 2020) (cleaned up).  A showing of "some inconvenience or expense" is insufficient. *Id.*

The Court has wide discretion to determine what constitutes good cause. *Grano v. Sodexo Mgmt., Inc.*, 335 F.R.D. 411, 414 (S.D. Cal. Apr. 24, 2020).  And if the Court finds good cause, it has "a variety of options to rectify the situation, including preventing the discovery or specifying the terms on which the discovery will be conducted." *Swenson*, 336 F.R.D. at 209 (citing Fed. R. Civ. P. 26(c)(1)(A), (B)).

Rule 30 permits depositions in person and by remote means. Fed. R. Civ. P. 30(b)(4). Leave to permit remote depositions should generally be granted liberally. *Swenson*, 336 F.R.D. at 209.  The determination of whether to permit a remote deposition comprises two steps: (1) the proponent must advance a legitimate reason for seeking a remote deposition; and (2) if the

movant articulates a legitimate reason, then the burden shifts to the opposing party to make a "particularized showing" that conducting the deposition by remote means would be prejudicial. *Id.* (citing *United States v. $160,066.98 from Bank of Am.*, 202 F.R.D. 624, 629 (S.D. Cal. 2001)). As always, the Court's analysis is guided by Rule 1's paramount command to construe the Federal Rules of Civil Procedure to secure the just, speedy, and inexpensive determination of this action. Fed. R. Civ. P. 1.

**II.     Analysis**

    **A.     Step 1**

At the first step, McDonald's offers at least two reasons that it asserts meet the first part of the test.  First, McDonald's claims that "the physical distancing orders related to the current pandemic are a legitimate reason for holding depositions remotely." ECF No. 45 at 9 (citing *Swenson*, 336 F.R.D. at 211)).  However, as Brower indicates, the COVID-19 safety procedures have changed drastically from the time of the *Swenson* case.  Vaccines are now in existence, and widely available in many jurisdictions.  Further, as Brower indicates, all persons who would be present for the in-person depositions—with the exception of the deponents themselves—are known to be fully vaccinated. ECF No. 48 at 5.  McDonald's failed to indicate whether the deponents are themselves fully vaccinated.  Plus, McDonald's did not include any affidavits from the deponents expressing a preference or desire—rooted in safety concerns—to be deposed remotely.  And because the burden is on McDonald's at this step, the Court finds that this first reason does not demonstrate a particular need supported by specific facts.

However, McDonald's also offers that even if certain persons are fully vaccinated, travel still presents a risk of infection because McDonald's has no control over the conduct or vaccination status of third parties. ECF No. 45 at 10.  The Court agrees.

To be sure, the two primary vaccines available in the United States have proven to be highly effective at "preventing COVID-19-associated illness," and "hospitalization is a rare

outcome."[1]  In fact, in light of the vaccines' efficacy, the CDC guidelines have been updated to show that "fully vaccinated people no longer need to wear a mask or physically distance in any setting."[2]  Thus, the risk of infection or serious illness has decreased significantly since the time of the *Swenson* decision.

The Court, however, rejects Brower's contention that "under the current CDC . . . guidelines, COVID will not pose a risk for these depositions." ECF No. 48 at 6.  Rather, the CDC guidelines that Brower herself relies on indicate that fully vaccinated travelers "are *less likely* to get and spread [COVID-19] and can now travel at *low risk* to themselves within the United States."[3]  Further, McDonald's rightly points out that there is uncertainty regarding the efficacy of the available vaccines against new strains and variants. ECF No. 45 at 7 n.4.  The CDC agrees.[4] Setting the variants aside, however, the CDC likewise recognizes that "no vaccine prevents illness 100 percent of the time," and that "a small percentage of people who are fully vaccinated against COVID-19 will still get sick and some may be hospitalized or die from COVID-19."[5]  Notably, here in the District of Nevada, face coverings are still generally required for employees, tenants, litigants, and jurors. D. Nev. Am. Temp. G.O. 2020-08 at 2.

In sum, although the risks from the COVID-19 pandemic have lessened drastically, the risks are still there and appreciable.  McDonald's has little control or ability over the vaccination

---

[1] CTRS. FOR DISEASE CONTROL AND PREVENTION, "Morbidity and Mortality Weekly Report," https://www.cdc.gov/mmwr/volumes/70/wr/mm7018e1.htm (last accessed May 28, 2021)

[2] CTRS. FOR DISEASE CONTROL AND PREVENTION, "Guidance for Fully Vaccinated People," https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated-guidance.html (last accessed May 28, 2021).

[3] *Id.* (emphases added).

[4] CTRS. FOR DISEASE CONTROL AND PREVENTION, "What You Should Know About the Possibility of COVID-19 Illness After Vaccination," https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/why-measure-effectiveness/breakthrough-cases.html (last access May 28, 2021).

[5] *Id.*

status of third persons, and the Court will not fault counsel for McDonald's for wishing to limit potential exposure to the virus via travel in a crowded, enclosed airplane, in the airport security line, during transportation to and from the airport and hotel, and within the hotel itself. *See* ECF No. 45 at 6. The Court in its discretion finds that McDonald's has sufficiently articulated and advanced a legitimate reason for seeking a remote deposition. The burden therefore shifts to Brower to make a "particularized showing" that conducting the deposition by remote means would be prejudicial.

### B. Step 2

Brower argues that a remote deposition would be prejudicial for several reasons. First, Brower claims that her counsel lacks a reliable high speed internet connection due to the age and overuse of technical equipment in the area. ECF No. 48 at 7. Brower argues that it is "highly likely" that the deposition would be interrupted because counsel suffers interruptions "sometimes multiple times per day." *Id.* at 5. These technical issues will supposedly not subside until the internet service provider conducts a "node split" in July 2021. *Id.*

The Court finds that counsel's internet issues do not establish the requisite prejudice to deny the request for remote depositions. To begin, the Court has reviewed the ticketed outages that Brower appended to her motion, but nearly half of the reported outages occurred during the weekend, and some of the outages occurred during odd hours in the morning or evening. ECF No. 48-1 at 7. That said, the outages do show that there is a possibility of a prolonged interruption to counsel's internet service. If such an outage occurs, the parties may need to postpone the deposition for several hours, reschedule it to a new date, or even seek a modest extension of discovery into July 2021. But the Court in its discretion finds that the outages are not so frequent as to establish the requisite prejudice to carry Brower's burden.

Brower also offers that a remote deposition poses the risk of security and control of the witness, and that counsel is less able to "read" the body language and tone of voice of the witness.

However, the Court finds that these concerns are likewise insufficient to carry Brower's burden. First, the Court expressly rejects Brower's contention that counsel for McDonald's has engaged in "questionable ethics" in the underlying briefing, such that there is a palpable concern that counsel would engage in improper behavior during the deposition. If, during the deposition, Brower believes that a witness is being coached, then she may file the appropriate motion.

However, the Court acknowledges that it may be more challenging to read the body language and tone of voice of a deponent during a remote deposition, but the Court finds that counsel's preference for an in-person deposition is likewise insufficient to show prejudice. "If the lack of being physically present with the witness were enough prejudice to defeat the holding of a remote deposition, then Rule 30(b)(4) would be rendered meaningless." *Swenson v. GEICO Casualty Co.*, 336 F.R.D. 206, 212 n.7 (D. Nev. 2020). Further, the Court expects the parties to work together to minimize the practical issues related to remote depositions (i.e., securing a court reporter duly licensed to administer oaths; ensuring the receipt of all exhibits).

* * * * *

In sum, the Court in its discretion finds that McDonald's prevails at the first step and Brower fails at the second. Therefore, McDonald's has met its burden of showing good cause for its requested protective order.

**III.     Conclusion**

IT IS THEREFORE ORDERED that defendant's emergency motion for a protective order (ECF No. 45) is GRANTED. The depositions of Jeremy Burningham and Fernando De La Cruz shall take place remotely. The court reporter shall likewise attend remotely.

DATED: May 28, 2021.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE