# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Donna Brower, | Case No. 2:19-cv-02099-GMN-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| McDonald's Corporation, | |
| Defendant. | |

Before the Court are two motions. First, Plaintiff filed a motion to compel a Rule 30(b)(6) deposition and to request sanctions. ECF No. 54. Defendant opposed the motion at ECF No. 57 (which is sealed), and Plaintiff replied at ECF No. 62. Next, Defendant filed a motion to seal. ECF No. 56. Plaintiff opposed this motion. ECF No. 61. Defendant replied. ECF No. 63.

**I.     Motion to Compel and Request for Sanctions**

In Plaintiff's complaint, she accuses McDonald's of violating state and federal workplace protection laws.

Plaintiff deposed a Rule 30(b)(6) witness, Mr. Smith. Plaintiff argues that Mr. Smith was unable to fully respond to Topic No. 1. Specifically, Plaintiff contends that Mr. Smith could not (1) provide the date the decision was made to eliminate the McOpCo Operations Consultant position, (2) identify the persons who made the decision, and (3) provide the effective date by which the position had to be eliminated. Instead, Plaintiff argues that Mr. Smith provided a time frame as to when the decision was made, provided vague references as to the persons responsible for making the decision, and had no information as to the date by which the position had to be

eliminated. Plaintiff argues that Mr. Smith should have been better prepared, reviewed documents in preparation for the deposition, and talked to relevant individuals.

Plaintiff also requests that defense counsel be precluded from lodging an attorney-client privilege objection (at any future deposition) when she asks Mr. Smith about his discussions with Mr. De La Cruz.

Accordingly, Plaintiff requests that Mr. Smith be compelled to answer these questions and for Defendant to be sanctioned under Fed. R. Civ. P. 37(a), including by having the Court award costs and fees for the one-hour deposition, bringing this motion, the deposition transcript, and all expenses connected to the new Rule 30(b)(6) deposition. To the extent Defendant asserts it does not have this information, Plaintiff requests an adverse inference instruction be read to the jury as a sanction for spoliation.

Defendant responds by stating that it has complied with its obligations under Fed. R. Civ. P. 30(b)(6) by having two different witnesses answer questions related to Topic No. 1. Specifically, Mr. Smith testified to the date the decision was made to eliminate the position (July 2018) and the persons who made the decision (McDonald's leadership team). As to the persons that made the decision, Defendant argues that Topic No. 1 did not request a list of natural persons who may have been responsible for the decision. In addition, Defendant argues that Mr. De La Cruz testified as to the date by which the position had to be eliminated (August 15, 2018). As such, Defendant represents it has provided all the information it has relating to the topic, including all documents. Thus, Defendant requests that the motion be denied in its entirety.

Plaintiff replies by reiterating many of the arguments made in her moving papers and expanding on the need for an adverse inference instruction due to spoliation.

**A. Analysis**

Federal Rule of Civil Procedure 30(b)(6) imposes burdens on both the discovering party and the designating party. The party seeking discovery through a Rule 30(b)(6) deposition is required to describe "with reasonable particularity the matters on which examination is requested." Fed. R. Civ. P. 30(b)(6). Once served with the deposition notice under Rule 30(b)(6), the responding party is required to produce one or more witnesses knowledgeable about the

subject matter of the noticed topics. *Marker v. Union Fid. Life Ins. Co.*, 125 F.R.D. 121 (M.D.N.C. 1989). The testimony of a Rule 30(b)(6) designee "represents the knowledge of the corporation, not of the individual deponents." *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996). A Rule 30(b)(6) designee is not required to have personal knowledge on the designated subject matter. *Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 528 (D. Kan. 2006). The duty to produce a prepared witness on designated topics extends to matters not only within the personal knowledge of the witness but on matters reasonably known by the responding party. *Alexander v. F.B.I.*, 186 F.R.D. 137, 141 (D.D.C. 1998). But "Rule 30(b)(6) need not be subjected to a 'memory contest.'" *Id.* at 143.

Topic No. 1 seeks "[t]he date, effective date and who made the decision to cut a McOpCo Operations Consultant position in Las Vegas in 2018." Here, Plaintiff agrees that both Mr. Smith and Mr. De La Cruz were designated as Rule 30(b)(6) witnesses to provide answers to Topic No. 1. Thus whether Mr. Smith himself was able to answer all the questions is not the proper question; the question is whether Mr. Smith and Mr. De La Cruz were properly prepared to provide answers to Topic No. 1. The Court finds that between the two witnesses, proper responses were provided as to Topic No. 1.

As to the date Defendant decided to eliminate the position, Mr. De La Cruz testified it was "mid-July . . . maybe the 16th of July . . . ." ECF No. 57-1 at 47-48. Mr. Smith testified that the decision to eliminate the position was not made at "the year-end 2007" meeting or at the end of April 2018. ECF 57-2 at 14. He stated "July would be about the time that that decision would have been made. It makes sense that the decision would have been made in July." *Id.* at 14-15. He did not know the specific date. *Id.* at 15. Between these two witnesses, they properly answered the first part of the question in Topic No. 1.

As to the date on which the decision became effective, Mr. De La Cruz testified that the position had to be eliminated by August 15th. *Id.* at 155. Mr. De La Cruz properly answered this part of Topic No. 1.

As to those responsible for making the decision, Mr. Smith testified that "there's no decision that's made by one person . . . we have a leadership team . . . it's a group." *Id.* at 21, 31.

When asked who comprised the team, he stated "Palo . . . the finance people . . . Laura Granger . . . ." *Id*. at 27. He did not know Palo's last name but explained he was the president of McOpCo, could not recall the names of the people in finance who would made this decision, and explained that Laura Granger was the HR Director. *Id*. at 28. The Court understands this is not the answer that Plaintiff sought and that this information does not get to the heart of the question—who are the individuals responsible for making this decision.[1] But counsel for Defendant represents she has spoken to Mr. Pena, Ms. Granger, and others who do not have a specific memory regarding the reduction. In addition, counsel for Defendant represents that all documents on this matter have been produced and that no other witness has any additional information about this topic. The Court agrees with Defendant's proposition that it cannot produce or testify to information it does not have.

In addition, while the Court agrees that the Rule 30(b)(6) witnesses should review documents as part of their preparation, as Plaintiff argues, Defendant represents there are no other documents to review on this topic and that she has spoken to those who may have had additional information to provide. Thus, while Mr. Smith should have reviewed all documents prior to testifying, it would not have made a difference in this case.

It is not clear to the Court that Plaintiff expected the Rule 30(b)(6) witnesses to have personal knowledge about the matters over which they testified. Instead, the Court believes Plaintiff seeks more complete answers, especially as to the individuals who made the decision in question. But to the extent the Court misunderstood the argument, the Court agrees with the Defendant that the Rule 30(b)(6) witnesses need not have personal knowledge about the matter on which they testify. *Sprint Communications*, 236 F.R.D. at 528.

Given the above discussion, the Court finds that Defendant has complied with Rule 30(b)(6) by producing witnesses who testified on matters within their personal knowledge and on matters reasonably known by the responding entity. Thus, the Court denies the motion in its entirety. Plaintiff is free to file whatever motion she deems fit given the information provided by

---

[1] The Court is not persuaded by Defendant's argument that the question was not specific enough such that it was not clear Plaintiff was requesting information involving "natural persons."

Defendant as to the lack of any additional information on those responsible for making the decision in question.[2]

## II. Motion to Seal

At ECF No. 56, Defendant seeks to seal the opposition to the motion to compel and request for sanctions as well as the attached exhibits (ECF No. 54). The opposition is currently filed under seal at ECF No. 57. Plaintiff opposed, and Defendant replied. ECF Nos. 61, 63.

Defendant contends that the response to the motion to compel and request for sanctions contains Defendant's financial decisions regarding staffing and confidential management strategies. In addition, Defendant explains that the parties have a protective order permitting the designation of "trade secrets and commercial or financial information that is either privileged or confidential." ECF No. 56 at 2.

Plaintiff opposes and argues that per the protective order, Defendant had a duty to mark the portions of the transcripts at issue as confidential and did not do so within the time allowed. In addition, Plaintiff points out that much of the information sought to be sealed is also contained in the motion to compel and request for sanctions (ECF No. 54) but that Defendant curiously is not requesting to seal that motion.

In its reply, Defendant explains that it has marked the portions of the transcripts in question as confidential and complied with the applicable timeline for doing so. In addition, it requests that the exhibits attached to Plaintiff's motion to compel and request for sanctions (ECF No. 56) be sealed, given the attachments contain the same information present in its opposition (and attachments to the opposition).

### A. Analysis

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of

---

[2] Plaintiff requested adverse inference instructions in the event Defendant took the position that there were no other documents or information on this topic but did not brief it in her moving papers. While there is some discussion on this matter in her reply, Defendant has not had an opportunity to respond. As a result, the Court will not rule on this issue at this time.

overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178-79. The Ninth Circuit has further held that the full presumption of public access applies to technically non-dispositive motions and attached documents, if the material sought to be sealed is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

"[A] different standard applies to 'private materials unearthed during discovery,' as such documents are not part of the judicial record." *Pintos*, 605 F.3d at 678 (citing *Kamakana*, 447 F.3d at 1180). Under Rule 26(c), a court may enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "The relevant standard for purposes of Rule 26(c) is whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos*, 605 F.3d at 678 (quotation omitted). Given the "weaker public interest in nondispositive materials," the court applies the good cause standard in evaluating whether to seal documents attached to a nondispositive motion. *Id.* "Nondispositive motions 'are often unrelated, or only tangentially related, to the underlying cause of action,' and, as a result, the public's interest in accessing dispositive materials does 'not apply with equal force' to non-dispositive materials." *Id.* (citing *Kamakana*, 447 F.3d at 1179). It is within the court's discretion whether to seal documents. *Id.* at 679.

Lastly, any request to seal documents must be "narrowly tailored" to remove from the public sphere only the material that warrants secrecy. *Ervine v. Warden*, 214 F. Supp. 3d 917 (E.D. Cal. 2016). As a corollary, to the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the court must order that redacted versions be filed rather than sealing entire documents. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003).

  Defendant seeks to seal its entire opposition, the attachment to the opposition, and the attachments to Plaintiff's motion at ECF No. 54. The motion and attachments in question refer to a non-dispositive matter that is not more than tangentially related to the underlying case. Thus, the Court applies the good cause standard to determine if the material may be sealed.

  Here, the Court agrees that the information in question (how the corporation decides to reduce the number of positions) is sensitive business information. *See Selling Source, LLC v. Red River Ventures*, 2011 WL 1630338 * 6 (D. Nev. Apr. 29, 2011) ("Where the material includes information about proprietary business operations, a company's business model or agreements with clients, there are compelling reasons to seal the material because possible infringement of trade secrets outweighs the general public interest in understanding the judicial process."); *see also Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978) ("business information that might harm a litigant's competitive standing" is a compelling reason to seal); *Ctr. For Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (harm to party's competitive standing is a "compelling reason" sufficient to seal business information).

  That said, Defendant's request to seal is overbroad. There is no need to seal all the documents. The Court will direct Defendant to re-file its opposition and attachments and redact only the information that refers to the way in which the corporation makes the determinations at issue. The Court will direct the Plaintiff to do the same with the attachments to Plaintiff's motion at ECF No. 54.

  The parties' protective order does not guide this Court's analysis as to whether information should be sealed or not. However, the Court finds that Defendant did comply with the timeline agreed to by the parties to designate the transcripts as confidential when it did.

### III. Conclusion

  **IT IS THEREFORE ORDERED** that ECF No. 54 is **DENIED**.

  **IT IS FURTHER ORDERED** that ECF No. 56 is **GRANTED** in part and **DENIED** in part.

  The Court directs the Clerk of Court to temporarily seal ECF No. 54 and its attachments and to maintain ECF No. 57 and its attachments under seal.

The parties have until December 30, 2021 to refile their respective documents with the appropriate redactions. Should the parties not comply with this deadline, the Court will unseal the documents in question.

**IT IS FURTHER ORDERED** that the hearing scheduled for November 18, 2021 is VACATED.

DATED: November 16, 2021

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE