Law Office of Mary F. Chapman, Ltd.
Mary F. Chapman, Esq.
Nevada Bar No. 6591
8440 W. Lake Mead Blvd.
Suite 203
Las Vegas, Nevada 89128
maryf.chapman@juno.com
(702)202-4223
(702)202-2003

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| DONNA BROWER ) | |
| ) | Case No. 2:19-cv-2099-GMN-BNW |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | STIPULATION TO STRIKE |
| MCDONALD'S CORPORATION, a ) | **AND REFILE UNDER SEAL PORTIONS** |
| Foreign Corporation licensed ) | **OF DEFENDANT'S MOTION FOR** |
| to do business in Nevada, ) | SUMMARY JUDGMENT |
| ) | AND **PROPOSED ORDER** |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff Donna Brower (hereafter "Plaintiff") by and through her counsel of record, Mary F. Chapman, Esq., and Defendant McDonald's Corporation (hereafter "Defendant") by and through its counsel of record, hereby moves the Court for an Order Striking Portions of Defendant's publically filed Motion for Summary Judgment and Approving Defendant to file its redacted portions of the motion for summary judgment under seal.

The current publically filed motion for summary judgment Dkt #70 should have Plaintiff's protected medical health information removed. Specifically, in the statement of facts ¶¶55, 56, as well as, Exhibits W, Y, Z, and GG.  In error, Defendant failed to fully redact Plaintiff's medical records and did not request the sealing of Plaintiff's protected health record in Defendant's Motion to Seal.

Pursuant to the Court's Protective Order Plaintiff's medical

records were automatically designated as confidential.  See, Protective Order DKT #35 at ¶4. There is a strong presumption that judicial records are accessible to the public. See, *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  In *Foltz*, the court "distinguish[ed] between dispositive and nondispositive motions," finding that "because 'summary judgment adjudicates substantive rights and serves as a substitute for trial,'" courts apply the "compelling reasons" standard to documents attached to a motion for summary judgment. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135-36 (9th Cir. 2003) (quoting, *Rushford v. New Yorker Magazine*, 846 F.2d 249, 252 (4th Cir. 1988).)  This court, and others within the Ninth Circuit, have recognized that the need to protect medical privacy qualifies as a "compelling reason" for sealing records. See, e.g., *San Ramon Regional Med. Ctr., Inc. v. Principal Life Ins. Co.*, 2011 U.S. Dist. LEXIS 4100, 2011 WL89931, at *n.1 (N.D. Cal. Jan. 10, 2011); *Abbey v. Hawaii Employers Mut. Ins. Co.*, 2010 U.S. Dist. LEXIS 120881, 2010 WL4715793, at * 1-2 (D. HI. Nov. 15, 2010); *G. v. Hawaii*, 2010 U.S. Dist. LEXIS 63199, 2010 WL 267483, at *1-2 (D.HI. June 25, 2010); *Wilkins v. Ahern*, 2010 U.S. Dist. LEXIS 110927, 2010 WL3755654 (N.D. Cal. Sept. 24, 2010); *Lombardi v. TriWest Healthcare Alliance Corp.*, 2009 U.S. Dist. LEXIS 41693, 2009 WL 1212170, at * 1 (D.Ariz. May 4, 2009).  This is because a person's medical records contain sensitive and private information about their health.  While a plaintiff puts certain aspects of his medical condition at issue when he files an action alleging unlawful actions based upon a serious medical condition,

-2-

1  that does not mean that the entirety of his medical records filed
2  in connection with a motion (which frequently contain records
3  that pertain to unrelated medical information) need be
4  unnecessarily broadcast to the public. See, *Williams v. Dr.*
5  *Marks*, 2019 U.S. Dist. LEXIS 177310, 2019 WL 5102470 *4-5 (D. NV
6  Oct. 11, 2019), see also, *Howard v. Cox*, 2021 U.S. Dist. LEXIS
7  188270, 2021 WL 4487603 (D. NV Sept. 20, 2021).  In other words,
8  the plaintiff's interest in keeping his sensitive health
9  information confidential outweighs the public's need for direct
10 access to the medical records. Id.
11 / / /
12 / / /
13 / / /
14 / / /
15 / / /
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

- 3 -

Compelling reason exists and Plaintiff's medical records should be filed under seal. Accordingly, Defendant's currently filed motion for summary judgment DKT #70 should have the statement of facts ¶¶55, 56, as well as, Exhibits W, Y, Z, and GG redacted and filed under seal.

Dated: January 13, 2022

Respectfully submitted,
Law Office of Mary F. Chapman, Ltd.

BY: /S/ Mary F. Chapman, Esq.
  Mary F. Chapman, Esq.
  8440 W. Lake Mead Blvd.
  Suite 203
  Las Vegas, Nevada 89128

BY: /S/ Alison Langstrum Macneill
  CAMPBELL LITIGATION, P.C.
  Stacey A. Campbell, Esq.
  Stacey@Campbell-Litigation.com
  Alison Langstrum Macneill
  Alison@Campbell-Litigation.com
  1410 N. High St.
  Denver, Colorado 80218

**IT IS SO ORDERED.** The Clerk's Office is directed to seal Defendant's Motion for Summary Judgment, (ECF No. 70). **IT IS FURTHER ORDERED** that Defendant shall file a redacted version of the Motion for Summary Judgment, (ECF No. 70). If Defendant fails to file the redacted document by February 21, 2022, the Court will make the Motion for Summary Judgment, (ECF No. 70), public once again.

Dated this  21  day of January, 2022

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

- 4 -